ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAY - 7 2012
U.S. COURT OF
FEDERAL CLAIMS

**DAVID STEBBINS**                                                        **PLAINTIFF**

VS.                                   **CASE NO. 12-_____**

**UNITED STATES**                                           **DEFENDANT**

**COMPLAINT**      12-296 C

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Bivens action against the United States, as one of her judges performed a non-judicial act, and also acted in the clear absence of all jurisdiction. These two acts worked together to cause me to loose a lawsuit this judge was providing over, which I otherwise would not have lost.

I submitted an email to Google, Inc., notifying them of a unilateral amendment I was imposing on their Youtube terms of service. My goal for doing this was to give Corporate America a taste of its own medicine by holding them to the same contract modification practices that they often unfairly use against customers. There is no law that says I cannot do that, and any contractual provision reserving that right for the company, but not the consumer, should be unenforceable as a matter of law, because the contract would then lack mutuality of obligation.

The unilateral amendment with the Youtube contract contained, among other things, an arbitration clause which required all legal disputes whatsoever – even those not related to the contract – to be submitted to binding arbitration, and also what I refer to tongue-and-check as a "forfeit victory clause," which stated that, if I sent them an invitation to arbitrate, and they do not accept it within 24 hours of receiving it, I automatically win the relief requested, regardless of the merits of the case, and without the arbitrator ever being any the wiser.

Google had thirty days to cancel my youtube account, otherwise the unilateral amendment would be deemed accepted. As you may have guess, they did not cancel the

RECEIVED
MAY - 7 2012
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

account. Therefore, I sent Google an invitation to arbitrate a dispute for $500 billion (and no, that is not a typo; that really is a B right there). As you may have guessed, they completely ignored the arbitration, thus triggering the forfeit victory clause.

I then filed a motion to confirm the arbitration award in the U.S. District Court for the Northern District of California, where it was given the Case Number 11-3876. However, Judge Lucy Koh denied the motion on two grounds:

1. The Youtube Terms of Service gave Google the right to unilaterally modify the terms of the Youtube contract, but not the consumer.

2. The forfeit victory clause was unenforceable as a matter of law.

The first of these two actions was a non-judicial action. Why? Because the Youtube contract, up to that point, was not part of the evidence in question. I did not see any need to introduce it. The Court instead went out and found the Youtube contract on the Internet, and used *that* to justify denying the motion.

In doing so, Lucy Koh performed the role of investigator. Therefore, that is a non-judicial act. Judges are not investigators; they are adjudicators. You hand the judge the evidence on a silver platter; he looks at the evidence, and makes a decision based only on the evidence presented to him. A judge has no power to introduce evidence of his own.

Let me put it this way: Even assuming, *arguendo*, that a court could recognize that the fingerprints found at the crime scene and those found on the Defendant's fingers do not match, without the Defendant himself first raising the issue... even if the Court could do that, that requires that there actually *be* fingerprints in the evidence of the case *to begin with*. Here, we have a judge who went out, found something that was not in the record, put it in the record, and *then* considered it.

The second of the above-mentioned actions is both a non-judicial act and done in the clear absense of all jurisdiction. First of all, a Court has about as much jurisdiction to raise an affirmative defense *sua sponte* as it does to bring a cause of action *sua sponte*. A Court may not initiate jack squat on his own; see Lopez v. Vanderwater, 620 F. 2d 1229 (7th Cir. 1980).

Secondly, the forfeit victory clause must be decided by the arbitrator. The case law stating *that* is innumerable. From the Supreme Court alone, the case law stating that a Court is without jurisdiction to decide anything other than the arbitration agreement includes, but is not limited to, Hall Street Associates, LLC v. Mattel, Inc., 128 S. Ct. 1396, 1404 (2008) ("[Petitioner] is certainly right that the FAA lets parties tailor some, even many features of arbitration by contract, including... with procedure"), as well as Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 US 395 (1967), Howsam v. Dean Witter Reynolds, Inc., 537 US 79 (2002), Buckeye Check Cashing Inc. v. Cardegna, 546 U.S. 440 (2006), and Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772 (2010). Simply put, the case law makes it perfectly clear that literally anything except the arbitration clause itself must be decided by the arbitrator. Period. Only the arbitration clause... and *absolutely nothing else*!!!

Therefore, in deciding a provision of the contract that should have been decided by the arbitrator, Lucy Koh acted in the clear absence of all jurisdiction (clear, because the plethora of case law that I barely scratched the service of *makes* it clear).

Her consideration of the forfeit victory clause is also a non-judicial act, because it was not raised before. If, according to the *Lopez v. Vanderwater* precedent, to initiate a cause of action *sua sponte* is to act as a prosecutor (and thus, to act outside one's judicial capacity), then, by that same logic, to raise an affirmative defense other than lack of subject-matter jurisdiction is to act as a defense attorney, and thus act just as much outside one's judicial capacity as if she were to

act as a prosecutor.

Come to think of it, I could also make that argument for her *considering* (as opposed to, merely introducing) the Youtube contract, couldn't I? I mean, think about it: That provision of the contract basically amounts to the affirmative defense of waiver (get it? I *waived* my right to unilaterally amend the contract), and so to raise it *sua sponte* is a non-judicial act!

These two actions, working together, are both the actual and proximate cause of my case being dismissed, and the arbitration award being denied confirmation. For this reason, Lucy Koh wrongfully cost me literally billions of dollars. Because of the Federal Tort Claims Act, the United States is liable for the actions of its officers, to the same extent as those officers are liable. 28 USC § 2674 states, in pertinent party, that "the United States shall be entitled to assert any defense based upon judicial... immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." However, as I have pointed out, judicial immunity does not apply in this case, as Lucy Koh's actions were both non-judicial and done in the clear absence of all jurisdiction. Therefore, the United States is liable for her actions, via *respondiat superior*.

I seek damages of $500,000,000,000, which is how much Lucy Koh's actions cost me.

Wherefore, premises considered, I respectfully request that the above-requested relief be granted, that costs incurred be awarded, and that the Court award such other relief that it finds appropriate. It is so requested on this 3rd day of May, 2011.

*David Stebbins*

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com