ORIGINAL

# In the United States Court of Federal Claims

No. 12-296 C

(Filed: May 14, 2012)

**FILED**

MAY 1 4 2012

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| DAVID STEBBINS, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Pro Se; RCFC 12(h)(3); No <br> ) Jurisdiction Over Bivens Action; <br> ) Doctrine of Respondeat Superior <br> ) Not Money-Mandating <br> ) <br> ) <br> ) <br> ) <br> ) |

David Stebbins, Harrison, AR, pro se.

### OPINION and ORDER

HEWITT, Chief Judge

Before the court is plaintiff's Complaint (Complaint or Compl.), Docket Number (Dkt. No.) 1, filed May 7, 2012.[1] Plaintiff alleges that a federal judge of the United States District Court for the Northern District of California (Northern District of California) "performed a non-judicial act, and also acted in the clear absence of all jurisdiction" when she denied plaintiff's motion to confirm an arbitration award in that court. Compl. 1-2.[2] Plaintiff seeks damages in the amount of $500,000,000,000, id. at

---

[1] Plaintiff also submitted an Application to Proceed In Forma Pauperis (IFP Application or IFP Appl.), Docket Number (Dkt. No.) 2, filed May 7, 2012. Plaintiff's IFP Application is unsigned. See IFP Appl. 2. Pursuant to Rule 11 of the Rules of the United States Court of Federal Claims (RCFC), every paper submitted to the Court must be signed. See RCFC 11(a) (noting that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented"). Because the IFP Application is unsigned, and because the Complaint must be dismissed for lack of subject matter jurisdiction, see infra Part III.A, plaintiff's IFP Application is DENIED without prejudice.

[2] The pages of plaintiff's Complaint are not numbered. For ease of reference, the court treats the four pages as though they were numbered pages 1-4.

4, in a "Bivens action," id. at 1. Plaintiff also argues that he is entitled to relief under the Federal Tort Claims Act (FTCA) and under the doctrine of respondeat superior. Id. at 4.

For the following reasons, the court DISMISSES, sua sponte, plaintiff's Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) for lack of subject matter jurisdiction.

I.   Background

Plaintiff appears to be dissatisfied with the decision of a judge of the Northern District of California denying his motion to confirm an arbitration award. See id. at 2. Plaintiff states that he "submitted an email to Google, Inc., notifying them of a unilateral amendment I was imposing on their You[T]ube terms of service." Id. at 1. The provisions that plaintiff attempted unilaterally to add to YouTube's terms of service were:

> [A]n arbitration clause which required all legal disputes whatsoever--even those not related to the contract--to be submitted to binding arbitration, and also . . . a 'forfeit victory clause,' which stated that, if I sent them an invitation to arbitrate, and they do not accept it within 24 hours of receiving it, I automatically win the relief requested, regardless of the merits of the case.

Id. Under the terms of plaintiff's "unilateral amendment," the amendment would be "deemed accepted" if Google did not cancel plaintiff's YouTube account within thirty days. Id. When Google did not cancel the account, plaintiff "sent Google an invitation to arbitrate a dispute for $500 billion . . . [and Google] completely ignored the arbitration, thus triggering the forfeit victory clause." Id. at 2.

Plaintiff states that he filed a motion to confirm the "arbitration award" in the Northern District of California. Id. According to plaintiff, the judge "denied the motion on two grounds: 1. The You[T]ube Terms of Service gave Google the right to unilaterally modify the terms of the You[T]ube contract, but not the consumer. 2. The forfeit victory clause was unenforceable as a matter of law." Id. Plaintiff claims that the court committed a "non-judicial action" because the YouTube contract was not in evidence and "[t]he Court instead went out and found the You[T]ube contract on the Internet, and used that to justify denying the motion." Id. (emphasis omitted). Plaintiff also argues that the court lacked jurisdiction to "raise an affirmative defense" and to decide the enforceability of the forfeit victory clause (which plaintiff claims "must be decided by the arbitrator"). Id. at 3. Plaintiff states that the judge "wrongfully cost me literally billions of dollars." Id. at 4.

Based on the foregoing allegations, plaintiff argues that he is entitled to relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the FTCA, and the doctrine of respondeat superior. See id. at 1, 4. He

2

requests damages in the amount of $500,000,000,000, "that costs incurred be awarded, and that the Court award such other relief that it finds appropriate." Id. at 4.

II.     Legal Standards

   A.     Dismissal for Lack of Subject Matter Jurisdiction

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004); see also Metabolite Labs, Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir. 2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua sponte, even where, as here, neither party has raised this issue."). "In deciding whether there is subject-matter jurisdiction, 'the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" Folden, 379 F.3d at 1354 (quoting Shearin v. United States, 992 F.2d 1195, 1195-96 (Fed. Cir. 1993)). Although complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se plaintiffs nevertheless must meet jurisdictional requirements, Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004) (unpublished); see also Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only."). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

The Tucker Act provides that this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act provides the waiver of sovereign immunity necessary for a plaintiff to sue the United States for money damages. United States v. Mitchell, 463 U.S. 206, 212 (1983). Accordingly, the Tucker Act provides the court with jurisdiction over suits "against the United States." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not confer any substantive rights upon a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute or constitutional provision itself, in order for the case to proceed. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin. (Jan's Helicopter), 525 F.3d 1299, 1306 (Fed. Cir. 2008).

   B.     Transfer for Lack of Subject Matter Jurisdiction

Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. 28 U.S.C. § 1631; see also Rodriguez v. United States, 862

F.2d 1558, 1559-60 (Fed. Cir. 1988) (citing Town of N. Bonneville, Wash. v. U.S. District Court, 732 F.2d 747, 750 (9th Cir. 1984)).

III.   Discussion

For the following reasons, plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3). Additionally, the court finds that transfer of plaintiff's case to another federal court is not appropriate.

    A.   The Court Lacks Jurisdiction Over Plaintiff's Claims

    1.   The Court Lacks Jurisdiction Over Bivens Actions

Plaintiff characterizes his claim as a "Bivens action." Compl. 1. To the extent that plaintiff's Complaint states a claim against a government official in her individual capacity pursuant to Bivens, 403 U.S. 388, that claim must be dismissed for lack of jurisdiction. "The Tucker act grants the [United States] Court of Federal Claims [(Court of Federal Claims)] jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)); see also United States v. Sherwood, 312 U.S. 584, 588 (1941) (holding that the jurisdiction of the Court of Federal Claims is limited to suits against the United States); Treece v. United States, 96 Fed. Cl. 226, 231 (2010) (dismissing plaintiff's Bivens claim for lack of subject matter jurisdiction).

    2.   The Court Lacks Jurisdiction Over Plaintiff's Claims Pursuant to the FTCA and the Doctrine of Respondeat Superior

Plaintiff states that he is entitled to relief under the FTCA, arguing that under the FTCA "the United States is liable for the actions of its officers, to the same extent as those officers are liable." Compl. 4. Plaintiff also seeks relief under a theory of respondeat superior. Id.

The United States District Courts have exclusive jurisdiction to hear claims brought against the United States under the FTCA. 28 U.S.C. § 1346(b); Treece, 96 Fed. Cl. at 232 n.8. Therefore, to the extent that plaintiff states a claim under the FTCA, that claim is dismissed for lack of subject matter jurisdiction.

The common law doctrine of respondeat superior alone is not a money-mandating "contract, regulation, statute or constitutional provision" under 28 U.S.C. § 1491. 28 U.S.C. § 1491(a)(1); see also Jan's Helicopter, 525 F.3d at 1306. Plaintiff cannot recover in the Court of Federal Claims simply by arguing that the United States is responsible, under the doctrine of respondeat superior, for the actions of a federal judge with whose decision plaintiff is dissatisfied. Cf. Hammit v. United States, No. 06-236 C, 2006 WL 5667959, at *1-2 (Fed. Cl. Oct. 19, 2006) (unpublished) (dismissing for lack of subject

4

matter jurisdiction plaintiffs' claim that the United States was responsible, under the doctrine of respondeat superior, for the actions of several government officials).

    B.    Transfer of the Case to Another Court Is Not Appropriate

Although not requested to do so by plaintiff, the court considers sua sponte whether "it is in the interest of justice" to transfer plaintiff's Complaint to another court under 28 U.S.C. § 1631. See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction and noting that the court may "order[] transfer without being asked to do so by either party"). The court considers transfer in this case because plaintiff is proceeding pro se, see Skillo, 68 Fed. Cl. at 743 n.15 ("Although plaintiffs have not requested a transfer, because they are proceeding pro se, the court addresses the possibility."), and because the transfer statute language "persuasively indicates that transfer, rather than dismissal, is the option of choice," Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003). "The court will transfer a case when a plaintiff articulates a clearly stated and non-frivolous complaint." Schrader v. United States, 103 Fed. Cl. 92, 101 (2012) (citing Phang v. United States, 87 Fed. Cl. 321, 330-31 (2009) (determining that it was not in the interest of justice to transfer plaintiffs' claims because, in the court's view, plaintiffs' claims were "unlikely to be meritorious in another court of the United States"), aff'd, 388 F. App'x 961 (Fed. Cir. 2010) (unpublished)). The court determines that it is not "in the interest of justice" to transfer plaintiff's Complaint, see Tex. Peanut Farmers, 409 F.3d at 1374, because plaintiff's claims are "unlikely to be meritorious in another court of the United States," see Phang, 87 Fed. Cl. at 330.

IV.    Conclusion

    The Clerk of Court is directed to DISMISS plaintiff's Complaint.

    IT IS SO ORDERED.

_____
EMILY C. HEWITT
Chief Judge